UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

|  |  |
|---|---|
| **8 KIMBALL COURT OWNER LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF WOBURN** and<br>**JAY DURANT**, in his official capacity as<br>Superintendent of the City of Woburn<br>Department of Public Works,<br><br>*Defendants.* | **VERIFIED COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

## INTRODUCTION

This is an action by which the plaintiff, 8 Kimball Court Owner LLC ("Kimball Court"), seeks an order of this court requiring the above-named defendants to reduce, reimburse, and abate the water and sewer charges assessed to Kimball Court for 256 residential apartment units, located at 8 Kimball Court, Burlington, Massachusetts 01803 (the "Apartment Complex"), as the amounts charged to Kimball Court are grossly excessive and out of all proportion to the benefits received by Kimball Court and the Apartment Complex, especially in light of the fact that twenty-five percent (25%) of the apartment units are reserved as affordable housing.

Despite Kimball Court's repeated requests to meet with the defendants to discuss this matter and filing a formal request for water and sewer rate abatements and/or other relief, pursuant to §§ 13.2.1, 13.2.35.D.1. & 13.3.9.C. of the City of Woburn Code of Ordinances (the "Municipal Code"), the defendants have failed and refused to respond to or act upon Kimball Court's requests. Accordingly, Kimball Court is compelled to bring this action against the

defendants to require the defendants to reduce, reimburse, and abate the water and sewer charges assessed to Kimball Court for the Apartment Complex because the charges are disproportionately high and grossly excessive for the services provided in comparison to other, comparable properties. The charges not only are unduly burdensome on Kimball Court, in violation of G.L. c. 83, § 16, but they are out of all proportion to the benefit received and do not relate to system maintenance or operation.   Moreover, the City of Woburn has been unjustly enriched as a result of the defendants requiring Kimball Court to pay for water and sewer services at such grossly excessive rates.  By their conduct, the defendants abused their rate-setting authority and have discriminated against Kimball Court, in violation of the equal protection clause of the U.S. Constitution and the Massachusetts Constitution.

## JURISDICTION AND VENUE

1.      This Court has subject matter juridiction over this suit pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

2.      This Court has personal jurisdiction over Defendant Jay Durant because he is a resident of the Commonwealth of Massachusetts and is an employee of Defendant City of Woburn, which is a municipal corporation with a principal place of business in Woburn, Massachusetts.

3.      This Court has personal jurisdiction over Defendant City of Woburn because it is a municipal corporation with a principal place of business in Woburn, Massachusetts.

4.      Pursuant to 28 U.S.C. § 1391, this Court is a proper venue for this action.

## PARTIES

5.    Plaintiff 8 Kimball Court Owner LLC is a foreign limited liability corporation organized under the laws of the state of Delaware and registered in the Commonwealth of Massachusetts with a principal address of 341 Newbury Street, Suite 5, Boston, MA 02115.

6.    Defendant City of Woburn is a municipal corporation with a principal address of Woburn City Hall, 10 Common St, Woburn, MA 01801.

7.    Defendant Jay Durant is, upon information and belief, a resident of the Commonwealth of Massachusetts and is named herein as a defendant only in his official capacity as Superintendent of the City of Woburn Department of Public Works (hereinafter the "DPW Superintendent") and not individually.

## FACTUAL ALLEGATIONS

8.    By virtue of a Quitclaim Deed recorded with the Middlesex South Registry of Deeds on October 1, 2020, at Book 75776, Page 329, 8 Kimball Court Owner LLC (hereinafter "Kimball Court") is the current record owner of certain real property and the improvements thereon, located at 8 and 9 Kimball Court, Burlington, Massachusetts 01803 (the "Property").

9.    The Property is improved by 256 residential apartments within two (2) buildings commonly known as the "Halstead Burlington Apartments" (the "Halstead Burlington Apartments"), which were constructed in or around 2025.

10.    The Halstead Burlington Apartments were constructed in accord with a decision issued by the Town of Burlington Zoning Board of Appeals, dated August 20, 2002 (the "2002 Zoning Board Decision"), which granted a Comprehensive Permit pursuant to G.L. c. 40B, to construct the Halstead Burlington Apartments. A true and accurate copy of the 2002 Zoning Board Decision is attached as **Exhibit A**.

3

11.    The 2002 Zoning Board Decision provides, in relevant part, the following

provisions with respect to water and sewer for the Halstead Burlington Apartments:

> . . . 9. All units shall be connected to public water and sewer
> facilities at the Applicant's sole cost and expense.

> 10.    In the event that the water supply for the Project is to be
> provided from Burlington, the Applicant shall be required to
> either (a) connect the existing dead end water main at
> Beacon Street to the existing dead end water main in Peach
> Orchard Road, providing a looped water main to serve the
> proposed building; or (b) the Applicant shall propose
> alternative arrangements acceptable to the Town's DPW
> Superintendent and/or Fire Department which approval shall
> not be unreasonably withheld.  The location and design of
> such water line shall be subject to review and approval of the
> DPW Superintendent.  Where the system may need to be
> constructed outside Town boundaries, the Applicant shall
> pursue construction approval from the City of Woburn as
> may be required. . . .

> 29.    The Applicant shall be responsible for maintaining . . . all
> improvements within the Project, including . . . sewer system
> [and] water lines.

See **Exhibit A**.

12.    The Property and the Halstead Burlington Apartments are located wholly within

the Town of Burlington, Massachusetts.

13.    The easternmost boundary of the Property line serves as the boundary between the

Town of Burlington and the City of Woburn.  True and accurate copies of screenshots taken

from the Town of Burlington Assessing Department Geographic Information System website

(https://burlingtonma.mapgeo.io/datasets/properties?abuttersDistance=300&latlng=42.50245%2

C-71.170856&panel=themes&previewId=31-130-0&zoom=15) are provided below at Figures 1

and 2 and are also attached as **Exhibit B** for reference.

*Figure 1*

4

*(GIS Mapping of the Property)*



*Figure 2*
*(Aerial View of the Property from GIS Map)*



14.     The wooded area located immediately to the west of the Property is designated conservation land in the Town of Burlington.

15.     Because of the Property's location adjacent to conservation land in Burlington, a water and sewer connection within the Town of Burlington was not possible at the time the Halstead Burlington Apartments were constructed.

5

16.    The Halstead Burlington Apartments ultimately were constructed in 2005 with water and sewer connections and services being provided by and through the City of Woburn.

17.    Title 13 of the City of Woburn Code of Ordinances (the "Municipal Code") contains regulations pertaining to the City's water and sewer systems.  A true and accurate copy of relevant provisions of Title 13 of the Municipal Code are attached as **Exhibit C**.

### *Water Rates*

18.    Title 13, § 13.2.35.D.3., of the Municipal Code (the "Water Ordinance") provides as follows:

> Out-of-City customers connected to the water distribution system shall be billed the applicable water rate of the city they reside in, plus a 25% service fee. (*See* **Exhibit C** at p. 13-38.)

19.    The City has no record of any agreement or communication as between the City and the Town of Burlington regarding the Town of Burlington's water rates.

20.    Rather, the City has indicated that it is the practice of the City's Department of Public Works (the "DPW") to telephone the Town of Burlington directly for updated water rate information.

21.    Since Kimball Court purchased the Property in 2020, the City has billed Kimball Court the following amounts for water:

    a.    In Fiscal Year 2022 (i.e., July 1, 2021, through June 30, 2022), the City billed Kimball Court **$100,444.01** for water.

    b.    In Fiscal Year 2023 (i.e., July 1, 2022, through June 30, 2023), the City billed Kimball Court **$98,968.14** for water.

    c.    In Fiscal Year 2024 (i.e., July 1, 2023, through June 30, 2024), the City billed Kimball Court **$104,661.24** for water.

A true and accurate copy of a spreadsheet prepared by Kimball Court which outlines the above-referenced water bills from the City is attached as **Exhibit D**.

22.     The amount billed by the City to Kimball Court for Fiscal Year 2024 breaks down to approximately **$408.83** per residential apartment unit.

23.     The amounts that have been billed by the City to Kimball Court for the Halstead Burlington Apartments' use of the City's water distribution system are unreasonable, unjust, and far exceed the water rates billed to similar properties.

24.     Based on the City's responses to public records requests filed on behalf of Kimball Court, dated April 23, 2025, and June 4, 2025, no other property is billed for water services by the City at an amount that is even remotely close to what the City bills to Kimball Court. A true and accurate copy of the documents produced by the City in response to the public records request filed on behalf of Kimball Court is attached as **Exhibit E**.

25.     For example, immediately adjacent to the Property is a residential apartment complex comprised of 525 units within seven (7) buildings, with an address of 1 Kimball Court, Woburn, MA (Woburn Assessor's Parcel ID 22/01/02) (hereinafter the "Adjacent Woburn Apartment Complex"), which was billed $198,471.00 by the City for water services Fiscal Year 2024, which breaks down to the rate of **$378.04** per unit for its *525 units*, compared with the rate of **$408.83** per unit, as was billed to Kimball Court for its *256 units*.

26.     In response to the public records request referenced above, the City produced a documents relating to properties that have been billed by the City in the same manner as the Halstead Burlington Apartments, i.e., using the Town of Burlington's water rates and adding a 25% surcharge on the water bills. These include the following properties, with the total billed amount for Fiscal Year 2024 in parentheses:

7

| | |
|---|---|
| 1 Winn St-Burlington | ($132.89) |
| 21-23 Winter St-Burlington | ($310.56) |
| 3 Wyman St-Burlington | ($259.39) |
| 120 Pearl St-Burlington | ($324.17) |
| 21 Thistle Rd-Burlington | ($203.87) |
| 114 Pearl St-Burlington | ($269.08) |

*See* **Exhibit E**.

27.    Compared with like-properties, the City has failed to bill Kimball Court in a just and equitable manner for providing water services to the Halstead Burlington Apartments.

### *Sewer Rates*

28.    Section 16 of G.L. c. 83, as amended by St. 1961, c. 311, permits municipalities to establish "just and equitable annual charges for use of the common sewers."

29.    Similar to the City's Water Ordinance, Title 13, § 13.3.9.E. (the "Sewer Ordinance") provides as follows:

> Out-of-city customers connected to the Woburn Sewer System shall be billed the applicable sewer rate plus 25% sewer charge fee. (*See* **Exhibit C** at p. 13-50.)

30.    The "applicable sewer rate" referenced in the Sewer Ordinance appears to refer to the base sewer rates, which require a majority vote of the City Council for approval.

31.    Pursuant to § 13.3.9.A.1. of the Municipal Code, the current sewer rate for the Property as voted on by the City Council is as follows:

> For Domestic Use: base rate of $147.50 for billing cycle. Multi-residential units shall be billed by the number of units times the base rate, semiannually.

32.    Notwithstanding § 13.3.9.A.1. of the Municipal Code, the water and sewer bills issued by the City, including Bill Number 200477, dated December 31, 2024 (the "December 2024 Bill"), includes a notation at the bottom of the bill which states "Non-Residential Sewer:

177% of water charges." A true and accurate copy of the December 2024 Bill is attached as **Exhibit F**.

33.    The amount billed to Kimball Court in the December 2024 Bill conflicts with the sewer rate calculation as identified in § 13.3.9.A.1. of the Municipal Code.

34.    In Fiscal Year 2024, the City billed Kimball Court a total of **$171,565.48** for the Halstead Burlington Apartments' sewer usage, which amounts to approximately **$670.18** per residential unit.

35.    For comparison, in Fiscal Year 2024, the City billed the Adjacent Woburn Apartment Complex a total of **$154,875.00** for sewer usage, which equates to approximately **$295.00** per residential unit.

### *Water & Sewer Rate Comparisons of Similarly Sized Properties*

36.    In total, the City billed the Halstead Burlington Apartments $277,226.72 for water and sewer usage in Fiscal Year 2024, which amounts to approximately **$1,082.92** per unit.

37.    In contrast, the City billed the Adjacent Woburn Apartment Complex a total of $353,346.00 for water and sewer usage in Fiscal Year 2024, which breaks down to approximately **$673.04** per unit—a sixty-two percent (62%) differential compared with the Halstead Burlington Apartments.

38.    For further comparison, the same company which manages the Halstead Burlington Apartments manages another apartment complex which is comprised of 192 residential apartment units within eleven (11) buildings, known as "Halstead Holden," located at 90 Central Park, Holden, Massachusetts ("Halstead Holden").

39.    The Town of Holden billed Halstead Holden a total of $156,980.42 for water and sewer services in 2024, which breaks down to an average of **$817.60** per unit.

40.    The amount billed by the City in 2024 for water and sewer services for the 256-unit Halstead Burlington Apartments is over seventy-five percent (75%) more than the amount billed to the 192-unit Halstead Holden apartment complex in 2024.

41.    The City has charged—and continues to charge—Kimball Court at a disproportionately high rate for water and sewer services at the Halstead Burlington Apartments, compared with other similar properties.

### *Abatement Request Ignored*

42.    Section 13.2.1 of the City of Woburn Code of Ordinances (the "Municipal Code") provides that the Superintendent of the City's Department of Public Works (hereinafter the "DPW Superintendent") "shall make abatements in the water rates of all proper cases." (See **Exhibit C** at p. 13-18.)

43.    Pursuant to §§ 13.2.35.D.1. & 13.3.9.C. of the Municipal Code, "[r]equests for abatements and exemptions must be filed with the Superintendent of Public Works within thirty (30) days of billing date recorded on water and sewer bill." (See **Exhibit C** at pp. 13-38 & 13-50.)

44.    Section 13.2.1 of the Municipal Code requires that "[t]he Superintendent of Public Works shall cause to be made out and placed in the hands of the collector for collection on or before the first day of July . . . all bills for water becoming due at such time and also all other bills payable to the City on account of the water works." (See **Exhibit C** at p. 13-18 .)

45.    On or about July 22, 2025, counsel for Kimball Court spoke with Lori Scalesse ("Ms. Scalesse"), a representative of the City's Water Department, regarding Kimball Court's intention to file a request for an abatement of the water and sewer assessments for the Halstead

10

Burlington Apartments, which were anticipated to be forthcoming as required under § 13.2.1 of the Municipal Code.

46.    Ms. Scalesse informed counsel for Kimball Court that the issuance of water and sewer bills was delayed and instructed counsel to: send a letter via email to the DPW Superintendent requesting an abatement and call the DPW Superintendent and his administrative assistant, Lindsey Sheehan, to alert them that the abatement request would be forthcoming.

47.    On or about August 25, 2025, counsel for Kimball Court sent to the DPW Superintendent an email with an attached letter requesting water and sewer rate abatements for the Halstead Burlington Apartments (the "Abatement Request"). A true and accurate copy of the August 25, 2025 email and Abatement Request are attached as **Exhibit G**.

48.    Additionally, on or about August 25, 2025, counsel for Kimball Court emailed Ms. Scalesse confirming that the Abatement Request had been filed with the DPW Superintendent. A true and accurate copy of the August 25, 2025 email to Ms. Scalesse is attached as **Exhibit H**.

49.    On or about August 28, 2025, the DPW Superintendent sent a letter to counsel for Kimball Court informing counsel that he had "sent the Abatement Request to the City Solicitor for the City of Woburn for comment and evaluation." *See* **Exhibit G**.

50.    On or about September 19, 2025, the City issued to Kimball Court a water and sewer bill for the period ranging December 31, 2024 through June 30, 2025 (the "September 2025 Water and Sewer Bill"). A true and accurate copy of the September 2025 Water and Sewer Bill is attached as **Exhibit I**.

51.    As of the date of this Verified Complaint, Kimball Court has not received a decision from the DPW Superintendent regarding the Abatement Request with regard to the September 2025 Water and Sewer Bill.

52.    Section 13.2.35.D.5. of the Municipal Code provides that "[a]ny Appeal of the [DPW] Superintendent's disposition of a request for an abatement or exemption shall be set forth in Section 13.1.0." *See* **Exhibit C** at p. 13-38.

53.    There is no "Section 13.1.0." within the Municipal Code; however, § 13.1.10 of the Municipal Code concerns "Appeals" and provides as follows:

> The Mayor or his designee shall receive, and decide, appeals for arbitration of differences between the [DPW] Superintendent and public utility users on matters concerning interpretation and execution of the provisions of these regulations.
>
> The remedies listed in this municipal code are not exclusive of any other remedies available under any applicable federal, state or local law.

54.    Because the City has failed and refused to respond to the Abatement Request, Kimball Court has been compelled to seek relief from this Court, as the City continues to assess Kimball Court for water and sewer usage in amounts that are disproportionately high in comparison to other, similarly-sized properties, which is unduly burdensome on Kimball Court.

## COUNT I
### *Abuse of Discretion of Rate-Setting Authority*

55.    Kimball Court restates and realleges the previous allegations in this Verified Complaint.

56.    Pursuant to G. L. c. 83, § 16, sewer bills issued by the City must be "just and equitable."

12

57.    The water and sewer bills as issued by the City to Kimball Court are grossly excessive, are out of all proportion to the benefit received, and do not relate to system maintenance and operation.

58.    The water and sewer bills as issued by the City to Kimball Court have resulted in financial harm to Kimball Court, as Kimball Court has been—and continues to be— assessed by the City for water and sewer usage in amounts that are extremely disproportionate in comparison to other, similar properties.

59.    By the conduct described above, the DPW Superintendent and the City have violated G.L. c. 83, § 16, by abusing their rate-setting authority and requiring Kimball Court to pay water and sewer bills that are grossly excessive compared with the water and sewer bills of comparable properties, is out of all proportion to the benefit received, and does not relate to system maintenance and operation.

60.    Based on all of the above, Kimball Court seeks a declaration from this Court that the DPW Superintendent and the City have violated G.L. c. 83, § 16, by abusing their rate-setting authority and requiring Kimball Court to pay the September 2025 Water and Sewer Bill, as said bill is grossly excessive compared with other, similar properties, is out of all proportion to the benefit received, and does not relate to system maintenance and operation.

## COUNT II
### *Unjust Enrichment*

61.    Kimball Court restates and realleges the previous allegations in this Verified Complaint.

62.    As a result of the DPW Superintendent and the City requiring Kimball Court to pay for water and sewer services in amounts that are grossly excessive compared with other, similar properties, that are out of all proportion to the benefit received, and which do not relate to

system maintenance and operation, the City has been unjustly enriched at the expense of Kimball Court.

## COUNT III
### *Violation Of Equal Protection Clause*

63.    Kimball Court restates and realleges the previous allegations in this Verified Complaint.

64.    The DPW Superintendent and the City have been assessing—and continue to assess—Kimball Court for water and sewer services at a rate that is grossly excessive compared with similar properties and which disproportionately burdens Kimball Court without any rational justification.

65.    Pursuant to 42 U.S.C.A. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

66.    Municipal rate structures that create arbitrary distinctions between similarly situated ratepayers violate equal protection principles guaranteed by the U.S. Constitution and the Massachusetts Constitution.

67.    By their conduct, the DPW Superintendent and the City abused their rate-setting authority and have discriminated against Kimball Court, in violation of the equal protection clause of the U.S. Constitution and the Massachusetts Constitution.

## COUNT IV
### *Relief in the Nature of Declaratory Judgment*

68.     Kimball Court restates and realleges the previous allegations in this Verified Complaint.

69.     The DPW Superintendent and the City have been assessing—and continue to assess—Kimball Court for water and sewer services at a rate that is grossly excessive compared with similar properties and which disproportionately burdens Kimball Court without any rational justification.

70.     Accordingly, Kimball Court seeks relief from this Court in the nature of a declaratory judgment, as the Plaintiffs have no other remedy or route of appeal, other than by this action, to require the DPW Superintendent and the City: a) to abate the water and sewer bills that have been assessed to—and paid by—Kimball Court: b)  to hereinafter reduce the water and sewer rates that the DPW Superintendent and the City assess to Kimball Court for water and sewer services at the Halsted Burlington Apartments; c) to ensure that any and all future amounts assessed to Kimball Court by the defendants for water and sewer services at the Halstead Burlington Apartments are fair, equitable, in proportion to the benefits received, and consistent with the amounts assessed to the owners of other, similar properties; and d) to require the City to reimburse Kimball Court for all overages that the defendants have required Kimball Court to pay for water and sewer services at the Halstead Burlington Apartments to date.

## PRAYERS FOR RELIEF

WHEREFORE, Kimball Court respectfully requests that this Court enter a judgment for Kimball Court and against the DPW Superintendent and the City, which:

a. Declares that the DPW Superintendent and the City have violated G.L. c. 83, § 16, and the equal protection clauses of the U.S. Constitution and the Massachusetts Constitution by abusing their rate-setting authority and discriminating against Kimball Court; and

b. Declares that, the City has been unjustly enriched by requiring Kimball Court to pay the water and sewer rates assessed to date;

c. Grants to Kimball Court an abatement as to the water and sewer bills that have been assessed by the City; and

d. Orders the City to pay to Kimball Court an amount equal to at least that which constitutes the grossly excessive overpayments made by Kimball Court to the City for water and sewer services provided to the Halstead Burlington Apartments, compared with other, similar properties; and

e. Orders the DPW Superintendent and the City to hereinafter reduce the rates charged to Kimball Court for water and sewer services at the Halsted Burlington Apartments and ensure that any and all future amounts assessed to Kimball Court for water and sewer services at the Halstead Burlington Apartments are fair, equitable, in proportion to the benefits received, and consistent with the amounts assessed to the owners of other, similar properties; and

f. Awards to Kimball Court their attorney's fees and costs; and

g. Awards to Kimball Court any further relief this Court deems fair and just.

16

## JURY DEMAND

Kimball Court hereby demands a trial by jury on all claims and issues so triable.


Respectfully submitted,

**PLAINTIFF**
**8 KIMBALL COURT OWNER LLC**
By their Attorneys,

*/s/ Tanya D. Trevisan*

Gregory Fleming, Esquire
BBO # 568630
gfleming@msullc.com
Tanya D. Trevisan, Esquire
BBO #637769
ttrevisan@msullc.com
MIRRIONE, SHAUGHNESSY & UITTI,
LLC
2 Batterymarch Park, Suite 202
Quincy, MA 02169
(508) 510-5727

Dated:  January 27, 2026

17

Docusign Envelope ID: 5744223A-B234-415D-914C-08DE2074A0AB

## VERIFICATION

I, Thomas W. Mazza, am the Manager of 8 Kimball Court Owner LLC, the plaintiff in the above-captioned matter. I have read the Verified Complaint filed herein, and knowing the contents thereof, have found the allegations of fact set forth therein are based on my own personal knowledge are true, except as to those allegations based on information and belief which I believe to be true. Signed under the penalties of perjury.



Thomas W. Mazza

Dated:    January 27 , 2026